UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
DIANE FERRERI, :
: CASE NO. 1:10-CV-01014
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. Nos. 56, 59]
CITY OF STRONGSVILLE, *et al.*, :
:
Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this civil rights action, the Plaintiff and Defendants both file a motion *in limine*. [Doc. 56; Doc. 59.] Both motions are opposed. [Doc. 57; Doc. 60.] Because both motions deal with issues of law that the Court has already squarely addressed in its summary judgment opinion, the Court will resolve these motions prior to trial.

The Defendants move for an order "prohibiting the presentation at the trial . . . any evidence or argument that Defendants did not have probable cause to take Plaintiff into custody at the time of the events at issue," since the Plaintiff's claim is one for excessive force and not for wrongful seizure. [Doc. 56 at 1.] Although the Plaintiff's claim is only for excessive force, as the Court made clear in its summary judgment opinion, a determination of whether the Defendants had probable cause to seize the Plaintiff is a necessary determination in deciding whether the Defendants used

-1-

Case No. 1:10-CV-01014
Gwin, J.

excessive force. *See Ferreri v. City of Strongsville*, 2011 WL 114331, at *6 (N.D. Ohio Jan. 13, 2011). Indeed, "[a]bsent suspected criminal activity, a law enforcement official may not physically restrain an individual merely to assess his mental health . . . [r]ather . . . an officer must have probable cause to believe that the person seized poses a danger to himself or others." *Ziegler v. Aukerman*, 512 F.3d 777, 783 (6th Cir. 2008). Thus, determining the reasonableness of the force used to seize Plaintiff Ferreri is necessarily a two-step analysis: first, the fact finder must determine whether there was probable cause to seize the Plaintiff because *any* force is excessive if there was not probable cause to seize her, and second, if there was probable cause to seize her, it is then necessary to determine whether the force used to effectuate the seizure was excessive. Accordingly, the Court **DENIES** the Defendants' motion *in limine* and will allow the Plaintiff to introduce evidence and argue that the seizure was unlawful as a means of showing that the force used was excessive.

Second, the Plaintiff moves for an order precluding the Defendants from arguing that the Pink Slip required them to take Plaintiff Ferreri into custody. [Doc. 59 at 1.] This issue was also already resolved by the Court. *Ferreri*, 2011 WL 114331, at *6. The contents of the Pink Slip may be admitted for the purposes of arguing that the Defendant Officers had probable cause to seize the Plaintiff. However, the case law is clear that the Pink Slip alone did not give the Defendants the right to seize the Plaintiff. *Id.* at *6. Rather, officers effectuating an order of involuntary detention must possess sufficient information, looking at the totality of the circumstances, to conclude that the individual is a danger to herself or to others. *Aukerman*, 512 F.3d at 783-84. Thus, the Plaintiff's demeanor and behavior at the scene, as well as any other information the officers possessed about the Plaintiff, would necessarily be relevant and should be considered by the jury. *See Simon v. Cook*,

Case No. 1:10-CV-01014
Gwin, J.

261 F. App'x 873, 879 (6th Cir. 2008); *Fisher v. Harden*, 398 F.3d 837, 843 (6th Cir. 2005); *Monday v. Oullette*, 118 F.3d 1099, 1101 (6th Cir. 1997). The Defendants were not under a mandatory duty to seize the Plaintiff based upon the Pink Slip and any argument to that effect would be improper. The Court thus **GRANTS** the Plaintiff's motion *in limine*.[1]

IT IS SO ORDERED.


Dated: June 8, 2011                        s/      *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[1] Of course, the admissibility of any evidence will be based upon the Federal Rules of Evidence and relevant evidence may otherwise be inadmissible for other reasons not considered in this opinion.