UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |  |
|---|---|---|
| DIANE FERRERI, | : | |
| | : | CASE NO. 1:10-CV-01014 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. No. 63] |
| CITY OF STRONGSVILLE, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Defendant files a motion *in limine*, requesting that the Court modify its order of June 8, 2011, to indicate that the Defendant officers may present evidence that they were entitled to rely upon the contents of the Pink Slip when taking the Plaintiff into custody. [Doc. 63.] The Plaintiff opposes the motion, saying the Court correctly stated the applicable law. [Doc. 64.] In its earlier order, the Court held that the contents of the Pink Slip may be considered in determining whether the Defendant officers had probable cause to seize the Plaintiff; however, the Court also made clear that the officers were not entitled to seize the Plaintiff solely due to the Pink Slip, may not argue that the Pink Slip created a mandatory duty to take the Plaintiff into custody, and finally, that the jury must consider the totality of the circumstances. [Doc. 62.] This is a correct statement of Sixth Circuit case law regarding orders of involuntary seizure for mental health purposes and the Court

-1-

Case No. 1:10-CV-01014
Gwin, J.

declines to modify its earlier ruling. *See* Ziegler v. Aukerman, 512 F.3d 777, 783 (6th Cir. 2008).[1]

The Court **DENIES** the Defendants' motion and will consider no further motions on this issue because it has been resolved multiple times.

    IT IS SO ORDERED.


Dated: June 9, 2011                        s/    *James S. Gwin*
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE

---

[1] The Court reminds the Defendants that the Plaintiff's claim is based upon the United States Constitution; accordingly, the relevant legal standard is the Fourth Amendment and case law interpreting it.  An Ohio statute and the statements of Ohio officers interpreting an Ohio state law can not trump the protections afforded by the Fourth Amendment and any reliance upon those sources of law, where inconsistent with federal standards, is misplaced.