```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
DIANE FERRERI                             :
                                          :   CASE NO. 1:10-CV-01014
              Plaintiff,                  :
                                          :
vs.                                       :   OPINION & ORDER
                                          :   [Resolving Doc. Nos. 76, 80]
CITY OF STRONGSVILLE, et al.              :
                                          :
              Defendants.                 :
                                          :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this civil rights case, Plaintiff Ferreri files two motions *in limine* seeking to (1) exclude from admission her mental health records from MetroHealth Hospital (Defendants' proposed trial exhibit D) and (2) to prevent the testimony from eleven witnesses who were not properly disclosed under Federal Rule of Civil Procedure 26 (Dr. R. Weiss, Dr. R. Agema, Dr. J. Sotelo, Dr. J. Mendez, Dr. T. Drahotusky-Dodig, K. Colon, R.N., Dr. H. Perzy, Dr. H. Gottesman, Dr. A. Rosenstein, J. Prusa, R.N., and a yet unnamed MetroHealth Center records custodian). [Doc. 72; Doc. 76; Doc. 78; Doc. 79; Doc. 80; Doc. 82.] The Defendants oppose the motions, saying that the medical records are relevant, that the witnesses were all properly disclosed under the Court's pre-trial order, and that the Plaintiff knew that these witnesses might be called at trial because their names appear in the Plaintiff's own medical records. [Doc. 77; Doc. 81.] Trial is currently scheduled for June 21.

On June 13, 2011, the Defendants filed an initial witness list, which included the names of twelve potential witnesses. [Doc. 72.] Five of these witnesses were disclosed in the Defendants'

-1-

Case No. 1:10-CV-01014
Gwin, J.

October 8, 2010 response to the Plaintiff's interrogatories, and one additional witness was disclosed in a supplement on May 9, 2011. [Doc. 76-2; Doc. 76-3.] The initial witness list also included the names of five medical personnel who were not disclosed in the answers to the interrogatories or in any supplements to those responses. [Doc. 72; Doc. 76.] On June 14, 2011, the Defendants filed an updated witness list, which included the names of an additional six witnesses who were also not ever disclosed in the interrogatories or supplements. [Doc. 79.] In all, the Defendants now seek to call eleven witnesses at trial that were not previously disclosed to the Plaintiff.

Under Federal Rule of Civil Procedure 26(a)(3)(A), a party is required to disclose the name, address, and telephone number of every witness it expects to or may call at trial at least thirty days prior to trial. Fed. R. Civ. P. 26(a)(3)(A). Further, under Rule 26(e)(1)(A), a party is also required to supplement any disclosure made under Rule 26(a) or Rule 33, among others, "in a timely manner" if the party learns of additional information or if those previous answers are no longer accurate. Fed. R. Civ. P. 26(e)(1)(A).

Under Rule 37(c)(1), where a party fails to provide information or identify a witness "as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); Dickenson v. Cardiac & Thoracic Surgery of E. Tenn., P.C., 388 F.3d 976, 983 (6th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless."). It is well accepted in this Circuit that exclusion of evidence is the proper sanction for a failure to make proper disclosures under Rule 26. *Caudell v. City of Loveland*, 226 F. App'x 479, 481 n.1 (6th Cir. 2007); *Harville v. Vanderbilt Univ.*, 95 F. App'x 719, 725 (6th Cir. 2003).

Case No. 1:10-CV-01014
Gwin, J.

The Defendants more or less concede that these witnesses were not properly disclosed under Rule 26 and instead focus their argument, first, on whether the Plaintiff will suffer prejudice, and second, on their compliance with the Court's scheduling order. The Defendants' reliance on the Court's scheduling order is misplaced. The scheduling order is merely administrative and does not supersede or modify the discovery requirements of Rule 26. [Doc. 17.] The Court's requirement that a witness list be provided three days prior to the final pre-trial conference is merely an additional administrative requirement, which allows the Court to allocate sufficient time on the calendar for the trial, beyond the extensive discovery rules in the Rules of Civil Procedure. Fed. R. Civ. P. 16(b)(3). The final witness list is primarily for the Court's use, while the mandatory disclosures under Rule 26 are to prevent unfair surprise to the opposing party. Thus, the order does not relieve the parties of their burden of providing the names, addresses, and telephone numbers of every potential witness as a pre-trial disclosure under Rule 26(a)(3)(A) or to supplement those disclosures under Rule 26(e)(1)(A). Fed. R. Civ. P. 26(a)(3)(A), (e)(1)(A).

Morever, the Defendants were obviously aware that compliance with Rule 26 was still required, because the Defendants disclosed the names of some of their witnesses in October 2010 and they also submitted at least one supplementary response disclosing the name of an additional witness in May 2011. [Doc. 76-2; Doc. 76-3.] Finally, even if the Court's order did alter the time for the parties to file a witness list, the Defendants still had an independent duty to supplement their interrogatory responses in a timely manner under Rule 26(e)(1)(a) because the Plaintiff specifically asked for the names of all potential witnesses. [Doc. 76-2.]

Ultimately, the Defendants bear the burden of showing that the non-disclosure was justified or is harmless. *Roberts ex rel. Johnson v. Galen of Va, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).

-3-

Case No. 1:10-CV-01014
Gwin, J.

Other than unreasonable confusion, the Defendants offer no justification for the tardy disclosure. According to the Defendants themselves, all of these witnesses were listed in the Plaintiff's medical records, which have been known to the Defendants for months. [Doc. 77 at 4.] Given that the Defendants were aware of these witnesses, there seems to be no valid reason justifying the late disclosure. Similarly, the Defendants do not show that the error is harmless. In reality, the Plaintiff would now be highly prejudiced should these witnesses testify at trial. It would be extremely difficult to meaningfully depose eleven additional witnesses in less than one week. Contrary to the Defendants' position, the Plaintiff should not be expected to anticipate that every person listed in a document disclosed during discovery will be called as a witness. *See, e.g.*, *Johnson v. UPS, Inc.*, 236 F.R.D. 376, 377-78 (E.D. Tenn. 2006).

      The Court now finds that the Defendants' disclosure of these witnesses was not timely, that the Defendants offer no reasonable justification for the untimely disclosure, and that allowing all of these witnesses to testify would be highly prejudicial to the Plaintiff. As such, the Court finds that the exclusion of these witnesses under Rule 37(c)(1) is a proper sanction and **GRANTS IN PART** the Plaintiff's motion to exclude this testimony. However, because the fashioning of proper sanctions for a violation of Rule 26 falls within the discretion of the Court, the Court will allow the testimony of Dr. Weiss and one treating physician from MetroHealth should the Defendants make these witnesses available for a discovery deposition at a time and place convenient for the Plaintiff, but no later than 4 P.M., June 19, 2011. *See Jackson v. Law Firm of O'Hara*, 875 F.2d 1224, 1229 (6th Cir. 1989) (noting that districts courts have wide discretion in issuing appropriate sanctions). The Court, thus, **DENIES** the Plaintiff's motions without prejudice as to these two witnesses. With a smaller number of witnesses, it is not clear that the late identification will necessarily be harmful.

-5-

Case No. 1:10-CV-01014
Gwin, J.

The Court also orders that the Defendants pay all costs associated with both of these depositions. Should the Defendants, however, fail to make these witnesses available for deposition by this deadline at a time and place convenient for the Plaintiff, the Court also excludes their testimony under Rule 37(c)(1). The partial denial of Plaintiff's motion *in limine* is without prejudice to the Plaintiff's ability to raise this issue again if the late disclosure of the two witnesses proves to not be harmless. The Court reserves ruling on the admissibility of the Plaintiff's medical records until trial.

    IT IS SO ORDERED.


Dated: June 16, 2011                                         s/     *James S. Gwin*
                                                                         JAMES S. GWIN
                                                                         UNITED STATES DISTRICT JUDGE