UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
DIANE FERRERI,

      Plaintiff,

vs.

CITY OF STRONGSVILLE, *et al.*,

      Defendants.
------------------------------------------------------------

CASE NO. 1:10-CV-01014

OPINION & ORDER
[Resolving Doc. No. 110]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    The Plaintiff, Diane Ferreri, files motion under Federal Rule of Civil Procedure 59(a)(1)(A) seeking a Court order setting aside the jury verdict and ordering a new trial. [Doc. 110.] In her motion, the Plaintiff argues that (1) the jury verdict was against the weight of the evidence and (2) that the jury disregarded the Court's limiting instruction on the permissible uses of the information contained in the order of involuntary commitment (or "Pink Slip"). [*Id.*] The Defendants oppose the motion. [Doc. 111.] The Plaintiff did not file a reply.

    In this civil rights case, the Plaintiff brings a claim for excessive force under 42 U.S.C. § 1983 against City of Strongsville police officers Michael Guminey and Ron Stolz. After a two-day trial, the jury returned a verdict in favor of the Defendants, finding: (1) that the Plaintiff did not prove that the officers lacked probable cause to seize her, (2) that the Plaintiff did not otherwise prove that the force used to seize her was excessive; and (3) that the Plaintiff did not prove the Defendants' conduct was the proximate cause of any of the injuries she allegedly suffered. [Doc.

Case No. 1:10-CV-01014
Gwin, J.

108.] The Plaintiff argues that the testimony at trial proves that the Defendants lacked probable cause to seize her. [Doc. 110.] The Plaintiff further says that because the officers lacked probable cause at the time they seized her that the force was excessive. [*Id.*]

Federal Rule of Civil Procedure 59(a)(1)(A) provides that "[a] new trial may be granted . . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a)(1)(A). A new trial may be ordered when a jury has reached a seriously erroneous result as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion. *Holmes v. City of Massillon*, 78 F.3d 1041, 1045-46 (6th Cir. 1996). The court should deny a motion for a new trial if the verdict is one that a jury could reasonably reach, regardless of whether the Court might have reached a different conclusion were it the trier of fact. *Wayne v. Village of Sebring*, 36 F.3d 517, 525 (6th Cir.1994); *United States v. L.E. Cooke Co.*, 991 F.2d 336, 343 (6th Cir.1993) ("The motion should be denied if the verdict is one which could reasonably have been reached, and the verdict is not unreasonable simply because different inferences and conclusions could have been drawn or because other results are more reasonable.") (internal quotes omitted).

Regarding the Plaintiff's first argument that the jury verdict was against the weight of the evidence, although the Court likely disagrees with the jury's determination on the issue of probable cause, the Court cannot conclude that the jury's verdict was "seriously erroneous." *Hillside Productions, Inc. v. County of Macomb*, 389 F. App'x 449, 457 (6th Cir. 2010). At trial, the Plaintiff bore the burden of proving by a preponderance of the evidence that the Defendants did not possess probable cause to believe that she posed a danger to herself or to others. *Ziegler v. Aukerman*, 512

-2-

Case No. 1:10-CV-01014
Gwin, J.

F.3d 777, 783 (6th Cir. 2008). The Defendants agreed that no evidence suggested that Plaintiff posed any danger to others and the jury needed determine whether Plaintiff posed some danger to herself. As the Court instructed the jury, probable cause in the mental health seizure context "requires only a probability or substantial chance of dangerous behavior, not an actual showing of such behavior." *Id.* (quoting *Monday v. Oullette*, 118 F.3d 1099, 1102 (6th Cir. 1997)). Upon review of the testimony and evidence submitted at trial, the Court finds that while it believed the Plaintiff presented the better case that she was not a danger to herself, there was still sufficient evidence for the jury to have reached their verdict.

When the officers were dispatched to the Plaintiff's home, they were dispatched based upon an order of involuntary commitment, which was signed by the Plaintiff's treating psychiatrist, Dr. Weiss, which stated that the "[plaintiff] has develop[ed] a bizarre paranoid state, with multiple delusional symptoms and inability to care for most skills of daily living. All people in contact with her in the past have noted a personality change with delusional features." Elsewhere on the form, two boxes were checked that indicated that Dr. Weiss believed that the Plaintiff represented a risk of harm to herself or to others based upon her recent behavior. The officers had read this form and brought it with them to the Plaintiffs' home.

Upon entering the Plaintiff's home, the officers testify that the Plaintiff's behavior initially seemed "fine." On this initial contact, it seems undisputed that the Defendants did not have probable cause to take the Plaintiff into custody. The officers testify they had spent approximately 20 minutes with the Plaintiff, observing her behavior, speaking with her, and attempting to persuade her to accompany them to MetroHealth for treatment. Some evidence suggests the Defendant Officers incorrectly believed the Pink Slip gave them authority to take Plaintiff into custody irrespective of

Case No. 1:10-CV-01014
Gwin, J.

what they observed when came to her house. The officers testify that while they were in her kitchen, the Plaintiff became visibly upset. They claimed that her mental condition deteriorated, which they said, led them to conclude that the diagnoses on the Pink Slip were accurate and that the Plaintiff posed risk of harm to herself given that diagnosis. The officers' observations are somewhat supported by testimony of Defendant Officer Guminey, who stated that he had met the Plaintiff on one prior "welfare check," that the Plaintiff had acted "fine" on that previous occasion, and that her behavior was different when they seized her.

The officers then testify that Officer Guminey "touched" Plaintiff Ferreri's arm and that Ferreri then immediately began violently flailing and throwing herself about on the kitchen floor. In contrast, the Plaintiff denied ever falling to the floor and says the Defendants never described any such incident in their response to interrogatories, and further, that the small space involved undercuts the Officer's description. If believed, this violent reaction would not justify the initial use of force, but it does lend some credibility to the officers' conclusion moments earlier that the Plaintiff was mentally unstable and dangerous to herself. It is undisputed that the officers then physically restrained the Plaintiff Ferreri and removed her from her home.

Ultimately, although the Court may have given less weight to the officers' version of the events and their general observation that the Plaintiff was acting in accordance with the diagnosis on the Pink Slip, the Court will not substitute its own judgment for that of the jury. *L.E. Cooke Co.*, 991 F.2d at 343 (stating that a verdict is not unreasonable even though the court would have drawn different inferences or because other results are more reasonable). Indeed, "[i]n considering a motion for a new trial on the ground that the verdict is against the weight of the evidence, the court is not to set aside the verdict simply because it believes that another outcome is more justified." *Denhof v.*

Case No. 1:10-CV-01014
Gwin, J.

*City of Grand Rapids*, 494 F.3d 534, 543 (6th Cir. 2007) (citation omitted). Here, the jury had sufficient evidence to find that the Plaintiff failed to prove by a preponderance of the evidence that a reasonable officer could believe that the Plaintiff presented a "probability or substantial chance" of harm to herself. *See Crockett v. Cumberland College*, 316 F.3d 571, 581 (6th Cir. 2003) ("In the § 1983 context, the question of whether probable cause existed is left for the jury, unless there is only one reasonable determination possible.").[1]

Second, the Plaintiff also argues that the jury failed to follow the Court's limiting instruction regarding the proper use of the comments made by Dr. Weiss on the "Pink Slip." During trial, the Court instructed the jury that it could consider the comments on the Pink Slip for the limited purpose of whether the officers acted reasonably given all of the information at hand, but that it could not consider the comments for the truth of the matter asserted (i.e., as evidence of the Plaintiff's actual mental condition). A party is not entitled to a new trial simply upon showing an error has been committed. Rather, a new trial is only justified where the error would have caused a different outcome at trial. *Morales v. Am. Honda Motor Co.*, 151 F. 3d 500, 514 (6th Cir. 1998). "[T]he burden of showing prejudice rests with the party seeking the new trial[.]" *In re Air Crash Disaster*, 86 F.3d 498, 524 (6th Cir. 1996). *See also Allied Erecting & Dismantling Co., Inc. v. Genesis Equip. & Mfg., Inc.*, 2010 WL 4818367, at *8-13 (N.D. Ohio Nov. 19, 2010) (applying this rule to a motion

---

[1] Additionally, and aside from the issue of whether the officers used excessive force due to the absence of probable cause, the Court also finds the jury's determination that the Defendants did not otherwise use excessive force was reasonable based upon the evidence. The relevant testimony regarding the behavior of the Plaintiff, the amount of force actually used, and whether the Plaintiff suffered any physical harm was conflicted and heavily disputed. Given that a conclusion regarding the reasonableness of the use of force is closely bound to the jury's weighing of the credibility of particular witnesses – and that there was evidence in the record suggesting the force used was reasonable – the Court will also not disturb the jury's conclusion on this issue. *Doe v. Clark Equip. Co.*, 187 F.3d 635 (6th Cir. 1999) ("Determining witness credibility is solely the province of the jury."); *Norfolk & W. Ry. Co. v. McKenzie*, 116 F.2d 632, 635 (6th Cir. 1941) (stating that conclusions regarding the credibility of witnesses and the truth of testimony is a jury determination).

Case No. 1:10-CV-01014
Gwin, J.

for a new trial made under Rule 59).  The Court first notes that it cannot conclude definitively that the jury followed or did not follow this limiting instruction.  However, even assuming that the jury did not, the Court does not find that the Plaintiff has shown, or even argued, that the error was prejudicial or that it would have caused a different outcome.  *Holmes*, 78 F.3d at 1046-47.  The Court, therefore, finds that the Plaintiff has failed to carry her burden on this issue.

       For the foregoing reasons, the Court **DENIES** the Plaintiff's motion.

       IT IS SO ORDERED.


Dated: July 26, 2011                                s/     *James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE